IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| MIKE McCLEESE, | : | Case No. 1:20-cv-118 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| NATORP'S, INC., *et al.*, | : | |
| Defendants. | : | |

## ORDER GRANTING MOTION FOR LEAVE TO FILE UNDER SEAL (Doc. 27)

This matter is before the Court on Defendants' Motion for Leave to File Under Seal (Doc. 27). Defendants informed the Court that Plaintiff does not consent to the motion. (Motion for Leave to File Under Seal, Doc. 27, Pg. ID 1598.) However, Plaintiff failed to timely file a response in opposition. Thus, this matter is ripe for review.

The Sixth Circuit has repeatedly cautioned, "only the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305-06 (6th Cir. 2016); *Klingenberg v. Fed. Home Loan Mortg. Co.*, 658 F. App'x. 202, 207-08 (6th Cir. 2016). "To meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). To do so, the party must "analyze in detail, document by document, the propriety of secrecy, providing

reasons and legal citations." *Id.* (citing *Shane Grp.*, 825 F.3d at 305).

Here, Defendants wish to file under seal an unredacted version of Exhibit H to Defendants' Proposed Undisputed Facts in Support of their Motion for Summary Judgment (Doc. 28-10), which includes "Natorp's Gross Revenues for landscaping services Jan. 2010 – Dec. 2021." (Motion for Leave to File Under Seal, Doc. 27, Pg. ID 1601.) Defendants seek such leave because the exhibit allegedly contains, among other things, "identifying customer information, along with other financial information that [Defendants] deem[] confidential and proprietary." (*Id.*)

Defendants argue that their interest in sealing the exhibit outweighs the public's interest in accessing it. Specifically, Defendants argue that disclosure of the confidential information contained within the exhibit "would be injurious to Defendant[s]" because "release of that information to the public would be harmful to Natorp's legitimate business interests, and potentially to its customers as well." (Motion for Leave to File Under Seal, Doc. 27, Pg ID 1598.) In contrast, Defendants claim that "the subject matter" of the information sought to be restricted "is of relatively low public interest." (*Id.* at Pg. ID 1601.) Defendants further argue that the request is narrowly tailored because they have already filed a redacted version of the exhibit "so that the scope of information restricted from public access is tailored to protect of Natorp's legitimate business interests, as necessary." (*Id.*)

Defendants have shown a compelling reason for non-disclosure. The need to protect trade secrets can overcome the presumption of access. *Shane Grp.*, 825 F.3d at 308. Customer lists may constitute trade secrets. *Language Access Network v. CulturaLink*, No.

2

2:19-cv-194, 2021 WL 5176522, at *4 (S.D. Ohio Nov. 8, 2021) (citing *SKF USA Inc. v. Zarwasch-Weiss*, No. 1:10-cv-1548, 2011 WL 13362617, at *16 (N.D. Ohio Feb. 3, 2011)). Moreover, this Court has repeatedly "recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-cv-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017) (citing *The Procter & Gamble Co. v. Ranir, LLC*, No. 1:17-cv-185, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017) ("Confidential Information" includes "nonpublic information" that contains "confidential trade secret, technical, business, financial, or personal information")). Here, Defendants' request to file an unredacted version of the exhibit under seal is justified because it contains confidential business information that, if disclosed on the public docket, may harm the business interests of Defendants.

Additionally, there will be little harm to the public interest if an unredacted version of the exhibit is filed under seal. The Court agrees with Defendants that the public has little interest in the customer information to which the parties seek to restrict access. Otherwise requiring disclosure of the confidential information contained in the exhibit would not clearly benefit the public.

Finally, Defendants' request is narrowly tailored. Defendants do not seek to seal the contents of the exhibit completely. Defendants filed a redacted version of the exhibit on the public docket, such that the public can view its non-confidential portions in its entirety. Thus, the seal is not broader than necessary to address the compelling reason for non-disclosure. *See Procter & Gamble*, 2017 WL 3537195, at *3 (allowing a party to redact

3

"confidential agreements, pricing strategy, and marketing strategy").

Based upon the foregoing, Defendants' Motion for Leave to File Under Seal (Doc. 27) is **GRANTED.** Defendants **MAY FILE** an unredacted version of Exhibit H to Defendants' Proposed Undisputed Facts in Support of their Motion for Summary Judgment **UNDER SEAL**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND